# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JENNIFER LEIGH SHAGRIN, | |
|     Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; ALLY FINANCIAL INC.; DISCOVER BANK; TRUIST BANK INC.; and MIDLAND CREDIT MANAGEMENT, INC., | |
|     Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JENNIFER LEIGH SHAGRIN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); ALLY FINANCIAL INC. (hereinafter "Ally"); DISCOVER BANK (hereinafter "Discover"); TRUIST BANK INC. (hereinafter "Truist"); and MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM") (hereinafter collectively "Defendants"), and in support thereof

1

respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.  Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.  Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.  When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Roanoke City County in the Commonwealth of Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.   Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

20.   Ally is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.   Ally furnished Plaintiff's information to the CRAs which was inaccurate.

22.   Discover is an FDIC insured national bank headquartered at 502 E. Market Street, Greenwood, Delaware 19950 that upon information and belief conducts business in the State of Georgia.

23.   Discover is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.   Discover furnished Plaintiff's information to the CRAs which was inaccurate.

25.    Truist is an FDIC insured bank with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

26.    Truist is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

27.    Truist furnished Plaintiff's information to the CRAs which was inaccurate.

28.    MCM is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, Midland Funding LLC, located at 675 Ponce de Leon Ave, NE, Suite 7500, Atlanta, Georgia 30308.

29.    MCM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

30.    MCM furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

31.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which Plaintiff did not authorize and do not belong to her.

6

32.     Upon information and belief, Plaintiff has been a victim of identity theft for a few years.

33.     On or about March 15, 2018, Plaintiff's spouse committed suicide.

34.     Shortly thereafter, Plaintiff moved to California.

35.     At some point prior to the move, a woman by the name of "Laura Ann Lueck" obtained access to Plaintiff's mail and other personal information. Ms. Lueck proceeded to fraudulently begin forwarding Plaintiff's mail to another address and open fraudulent accounts using Plaintiff's information.

36.     Due to the move and her grief, Plaintiff did not immediately discover the fraud.

37.     In or about late 2021, Plaintiff became aware of fraudulent accounts appearing in her credit file.

38.     On or about December 10, 2021, Plaintiff filed a police report with the Montgomery County Sheriff's Department regarding the fraudulent accounts and identity theft.

39.     Plaintiff made several attempts to dispute the fraudulent accounts with the CRAs and furnishers without much success.

40.     In or about March 2024, Plaintiff contacted Equifax and Experian to dispute fraudulent accounts and erroneous personal identifying information appearing in her credit file which was inaccurate and did not belong to her.

41.    On or about March 22, 2024, and March 23, 2024, Plaintiff received dispute results from Equifax which stated it removed erroneous personal identifying information from her credit file.

42.    On or about March 31, 2024, Plaintiff received dispute results from Experian which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| Ally | *4304 | Remains |
| Capital One | *6009 | Remains |
| Discover | *9638 | Remains |
| MCM | 31429* | Remains |
| Truist | *1982 | Remains |

43.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.    Experian never attempted to contact Plaintiff during the alleged investigation.

45.    Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

46.    Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.    Upon information and belief, Experian notified MCM of Plaintiff's dispute. However, MCM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.    Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

49.    In or about April 2024, Plaintiff again contacted Equifax and Experian to dispute the erroneous and fraudulent accounts which did not belong to her.

50.    On or about April 12, 2024, Plaintiff received dispute results from Equifax which stated the following as to the dispute accounts.

| Furnisher | Account | Results |
|-----------|---------|---------|
| Ally | *4304 | Verified as accurate |
| Applied BA | *8586 | Deleted |
| Capital One | *8017 | Deleted |
| Capital One | *2408 | Deleted |
| Discover | *9638 | Verified as accurate |
| MCM | *7450 | Deleted |
| MCM | *0903 | Deleted |
| OneMain | *2039 | Verified as accurate |

| Furnisher | Account | Results |
|-----------|---------|---------|
| Truist | *1982 | Verified as accurate |

51.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.    Equifax never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

54.    Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

55.    Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

56.    On or about April 21, 2024, Plaintiff received dispute results from Experian which stated the following as to the disputed accounts.

10

| Furnisher | Account | Results |
|-----------|---------|---------|
| Ally | *4304 | Verified and updated |
| Capital One | *6009 | Pending |
| Discover | *9638 | Verified and updated |
| MCM | 31429* | Deleted |
| Truist | *1982 | Remains |

57.    Plaintiff did not receive additional results as to Capital One, partial account number ending *6009. However, upon review of her updated Experian credit report, Plaintiff observed the Capital One, partial account number ending *6009, continued to be reported.

58.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

59.    Experian never attempted to contact Plaintiff during the alleged investigation.

60.    Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

61.    Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

62.    Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

63.    On or about July 22, 2024, Plaintiff obtained a copy of her Experian credit report. Plaintiff attempted to obtain copies of her Equifax and Trans Union credit reports but received an error that the reports were not available. Upon review of her credit file, Plaintiff observed the following fraudulent accounts.

| Furnisher | Account | Status |
|-----------|---------|--------|
| Ally | *4304 | Charged off $2,260 |
| Capital One | *6009 | Closed |
| Discover | *9638 | Charged off $19,277 |
| Truist | *1982 | Charged off $3,832 |

64.    Due to the inaccurate reporting, on or about August 3, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised she was a victim of identity theft and that the aforementioned erroneous accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Montgomery County Sheriff's Department, and other supporting documents.

65.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0885 4771 85), Experian (9589 0710 5270 0885 4771 61), and Trans Union (9589 0710 5270 0885 4772 08).

66.    On or about August 9, 2024, Plaintiff received dispute results from Trans Union which stated Plaintiff's personal identifying information was updated, and Ally, partial account number ending in *4304, and Truist, partial account number ending in *1982 were verified as accurate. Further, the results stated Discover, partial account number ending in *9638 was verified and updated.

67.    On or about September 4, 2024, Plaintiff received additional dispute results from Trans Union which stated again Plaintiff's personal identifying information was updated, and stated Discover, partial account number ending in *9638 was verified as accurate and updated. Further, the results stated Capital One, partial account number ending in *6009, was verified as accurate.

68.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

69.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

70.    Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

71.    Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

72.    Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

73.    On or about August 14, 2024, Plaintiff received a response from Equifax which stated it needed proof of identification despite Plaintiff having included an image of her current driver's license and U.S. Passport in her detailed dispute letter.

74.    Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the following fraudulent accounts continued to be reported.

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Ally | *4304 | Continue to report |
| Capital One | *6009 | Continue to report |

14

| Furnisher | Account | Status |
| --- | --- | --- |
| Discover | *9638 | Continue to report with comment, "Consumer disputes after resolution" |
| Truist | *1982 | Continue to report with comment, "Consumer disputes" |

75.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

76.     Equifax never attempted to contact Plaintiff during the alleged investigation.

77.     Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

78.     Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

79.     Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

80.    On or about September 3, 2024, Plaintiff received dispute results from Experian which stated the following as to the disputed erroneous accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| Ally | *4304 | Verified and updated |
| Capital One | *6009 | Verified and updated |
| Discover | *9638 | Verified and updated |
| Truist | *1982 | Remains |

81.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

82.    Experian never attempted to contact Plaintiff during the alleged investigation.

83.    Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

84.    Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

85.    Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

86. On or about September 10, 2024, Plaintiff obtained copies of her Equifax and Experian credit reports. Plaintiff attempted to obtain a copy of her Trans Union credit report but received an error that it was not available. Upon review of her credit file, Plaintiff observed the following fraudulent accounts.

| **Furnisher** | **CRAs** | **Account** | **Status** |
|---|---|---|---|
| Ally | Equifax, Experian | *4304 | Charged off $2,260 |
| Capital One | Equifax, Experian | *6009 | Closed |
| Discover | Equifax, Experian | *9638 | Charged off $19,277 |
| LVNV Funding, LLC on behalf of Synchrony Bank | Equifax, Experian | *6391 | Collection, $4,203 |
| Synchrony Bank/PayPal | Equifax | *6391 | Charged off |
| Truist | Equifax, Experian | *1982 | Charged off $3,832 |

87. Due to the inaccurate reporting, on or about September 23, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff reiterated she was a victim of identity theft and that the aforementioned erroneous accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Montgomery County Sheriff's Department, and other supporting documents.

88.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0885 4887 09), Experian (9589 0710 5270 0885 4886 93), and Trans Union (9589 0710 5270 0885 4887 16).

89.     On or about September 26, 2024, Plaintiff received a response from Trans Union stating her fraud block request was denied and that her proof of address was unacceptable despite Plaintiff having provided images of her current driver's license and U.S. Passport in her detailed dispute letter.

90.     On or about September 28, 2024, Plaintiff received a response from Equifax acknowledging receipt of her second detailed dispute letter and that the dispute investigation was pending. However, as of the filing of this Complaint, Plaintiff has not received dispute results from Equifax.

91.     On or about October 4, 2024, Plaintiff received a copy of her credit report from Trans Union. Upon review, Plaintiff observed an erroneous Texas address. Further, Plaintiff observed the following fraudulent accounts continued to be reported.

| **Furnisher** | **Account** |
|---|---|
| Ally | *4304 |
| Capital One | *6009 |
| Discover | *9638 |
| LVNV Funding, LLC on behalf of Synchrony Bank | *6391 |
| Truist | *1982 |

92.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

93.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

94.    Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

95.    Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

96.    Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

97.    On or about October 8, 2024, Plaintiff received a response from Experian acknowledging receipt of her second detailed dispute letter and that the dispute investigation was pending. However, as of the filing of this Complaint, Plaintiff has not received dispute results from Experian.

98.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous and fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

99.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

100.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

101.    Due to the inaccurate reporting, Plaintiff was only able to obtain a loan at a high interest rate of 21% to purchase a new vehicle.

102.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.      Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.     Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Apprehensiveness to apply for new credit due to the fear of rejection; and

v.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

103.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

104.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105.   Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

106.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

107.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

108.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

109.   Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Montgomery County Sheriff's Department, which contained sworn testimony of the fraud.

110.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Willful)

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

114.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

116.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

118.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

119.   Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Montgomery County Sheriff's Department, which contained sworn testimony of the fraud.

120.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

122.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

124.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

126.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

127.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

131.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

132.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

133.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

134.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

137.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

138.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

139.   Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

140.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

141.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

142.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

143.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the

Montgomery County Sheriff's Department, which contained sworn testimony of the fraud

144.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

146.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

147.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

148.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

149.   Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

150.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

151.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

152.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

153.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Montgomery County Sheriff's Department, which contained sworn testimony of the fraud.

154.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

156.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

157.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

158.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. §
1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after
receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable
reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable
procedures with which to filter and verify disputed information in Plaintiff's credit
file; (iv) failing to review and consider all relevant information submitted by Plaintiff
in the disputes; and (v) relying upon verification from a source it has to know is
unreliable.

159.   Despite the large amount of information and documentation produced
by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct
independent investigations into Plaintiff's disputes and simply transferred the duty
to investigate to the furnisher(s).

160.   Plaintiff provided Experian with the information it needed to confirm
that she was a victim of identity theft. Experian ignored this information and failed
to conduct a thorough investigation into her disputes or otherwise make her credit
file accurate.

161.   As a direct result of this conduct, action and/or inaction of Experian,
Plaintiff suffered damage, including without limitation, loss of the ability to benefit
from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

162. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

163. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

164. Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

165. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

166.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

167.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

168.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

169.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

170.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

171.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

172.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

173.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

174.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

175.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

176.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

177.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Montgomery County Sheriff's Department, which contained sworn testimony of the fraud.

178.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

179.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

180.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

181.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

182.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

183.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

38

184.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

185.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

186.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

187.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Montgomery County Sheriff's Department, which contained sworn testimony of the fraud.

188.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

190.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

192.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

193.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

194.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

195.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

197.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

198.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

199.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

200.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

201.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

202.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

203.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

204.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Ally Financial Inc. (Negligent)

205.  Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

206.  Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

207.  After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

208.  Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent and erroneous.

209.  Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

210.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

211.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

212.   The conduct, action, and inaction of Ally was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

213.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, ALLY FINANCIAL INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Ally Financial Inc. (Willful)

214.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

215.   Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

216.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

217.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent and erroneous.

218.   Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with her disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

219.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

220.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

221.   The conduct, action, and inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

222.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC.; award Plaintiff her attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Discover Bank (Negligent)

223.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

224.   Discover furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

225.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

226.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent and erroneous.

227.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Discover by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

228.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

229.   As a direct result of this conduct, action, and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

230.   The conduct, action, and inaction of Discover was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

231.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, DISCOVER

BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Discover Bank (Willful)

232.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

233.   Discover furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

234.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

235.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent and erroneous.

236.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

237.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

238.   As a direct result of this conduct, action, and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

239.   The conduct, action, and inaction of Discover was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

240.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DISCOVER BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank Inc. (Negligent)

241.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

242.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

243.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

244.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent and erroneous.

245. Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

246. Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

247. As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

248. The conduct, action, and inaction of Truist was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

249.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank Inc. (Willful)

250.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

251.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

252.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

54

253.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent and erroneous.

254.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

255.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

256.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

257.   The conduct, action, and inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

258.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Midland Credit Management, Inc. (Negligent)

259.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

260.   MCM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

261.   After receiving Plaintiff's disputes, MCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

262.   Plaintiff provided all the relevant information and documents necessary for MCM to have identified that the account was erroneous.

263.   MCM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MCM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

264.   MCM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

265.   As a direct result of this conduct, action, and/or inaction of MCM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

266.   The conduct, action, and inaction of MCM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

267.   Plaintiff is entitled to recover costs and attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Midland Credit Management, Inc. (Willful)

268.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred two (102) above as if fully stated herein.

269.   MCM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

270. After receiving Plaintiff's disputes, MCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

271. Plaintiff provided all the relevant information and documents necessary for MCM to have identified that the account was erroneous.

272. MCM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MCM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

273. MCM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

274.   As a direct result of this conduct, action, and/or inaction of MCM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

275.   The conduct, action, and inaction of MCM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

276.   Plaintiff is entitled to recover costs and attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JENNIFER LEIGH SHAGRIN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; ALLY FINANCIAL INC.; DISCOVER BANK; TRUIST BANK INC.; and MIDLAND CREDIT MANAGEMENT, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*